■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WINN, Appellant, v. WILFRED L. DENNO, as Warden of Sing Sing Prison, Respondent.— In a habeas corpus proceeding relator appeals from a purported "judgment" of the Supreme Court, Westchester County, rendered August 26, 1965, which allegedly dismissed the writ and remanded him to the custody of respondent. Appeal dismissed, without costs. The memorandum decision of the court below is dated August 26, 1965. The judgment thereon was not signed until October 29, 1965 (it was filed Nov. 4, 1965), which was subsequent to the service of the notice of appeal. No judgment was made on August 26, 1965. Under the circumstances, the appeal must be dismissed (People v. Willis, 22 A D 2d 693). We have, however, examined the record and considered appellant's contentions; and, if we were not dismissing the appeal, we would affirm the disposition below on the merits. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ WILLIAM ROSENBERG et al., Respondents, v. JAMES F. DUFFY et al., Appellants, et al., Defendant.— In a negligence action to recover damages for personal injuries sustained by the plaintiff wife and for medical expense, etc., sustained by the plaintiff husband, defendants James F. Duffy and Daisy Transport Corp. and defendants William E. Shirer and the Hertz Corp. separately appeal, as limited by their two respective briefs, from the separate portions of a judgment of the Supreme Court, Orange County, entered October 18, 1965 which are against them upon a jury verdict in favor of plaintiffs against all said defendants. 1. On appeal by defendants William E. Shirer and the Hertz Corp., judgment affirmed insofar as appealed from, with one bill of costs. No opinion. Brennan, Rabin and Hopkins, JJ., concur; Beldock, P. J., and Hill, J., dissent and vote to reverse the judgment as to said two defendants and to grant a new trial as to them unless plaintiffs would stipulate to reduce the verdict for plaintiff wife from $15,000 to $7,500 and the verdict for plaintiff husband from $5,000 to $2,500. 2. On appeal by defendants James F. Duffy and Daisy Transport Corp., judgment reversed insofar as appealed from, on the law and the facts; action as against said defendants severed; and a new trial granted as between plaintiffs and said defendants, with costs to abide the event. In our opinion the verdict as against said defendants was against the weight of the credible evidence. Beldock, P. J., Hill and Rabin, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to affirm the judgment insofar as appealed from.